UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HILDA ALTAGRACIA VASQUEZ,

    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

21-CV-01373 (BCM)

**ORDER**

---

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Hilda Altagracia Vasquez moves for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), following the entry of this Court's order granting her motion for judgment on the pleadings (Dkt. 33) and judgment remanding the case to the Social Security Administration (SSA) for further proceedings. (Dkt. 34.) The Commissioner opposes the motion in part, agreeing that EAJA fees should be awarded, but asking this Court to disallow eight of the 61.4 hours that plaintiff's counsel spent on this case. The amount in dispute is $1,780. For the reasons set forth below, plaintiff's motion will be granted in full.

## Background

Plaintiff filed an application for disability insurance benefits (DIB) on June 7, 2017. *See* Electronic Certified Administrative Record (e-CAR) (Dkt. 16) at 15. On May 3, 2019, an Administrative Law Judge (ALJ) concluded that plaintiff was not disabled, as that term is used in §§ 216(i) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(i) and 423(d), and thus not entitled to DIB. *Id.* at 24-25. The SSA Appeals Council denied review on June 1, 2020, rendering the decision of the ALJ final. *Id*. at 1-3.

On February 17, 2021, plaintiff filed this action against the Commissioner of Social Security (Commissioner), seeking judicial review of the denial of her application for DIB. (Dkt. 1.) She is represented in this Court by Daniel Berger, Esq., an experienced attorney who has

represented social security claimants since 1997, *see* Berger Aff. (Dkt. 36) ¶ 5(b), but who did not represent plaintiff before the SSA.

On July 30, 2021, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c)(1). (Dkt. 15.) On December 15, 2021, plaintiff filed a motion for judgment on the pleadings (Dkt. 22), supported by a 25-page memorandum of law (Pl. Moving Mem.) (Dkt. 23) arguing that the ALJ committed multiple errors. On April 4, 2022, the Commissioner filed a cross motion for judgment on the pleadings (Dkt. 27), also supported by a 25-page memorandum (Dkt. 28), and on May 9, 2022, plaintiff filed a 10-page reply brief. (Dkt. 31.). I held oral argument on September 13, 2022, after which – ruling from the bench – I granted plaintiff's motion and remanded the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (*See* Dkt. 33.) Judgment was entered the next day. (Dkt. 34.)

On December 12, 2022, plaintiff filed her motion for attorneys' fees. She sought a total of $13,629.40, representing 61.4 hours of attorney time (at $221 per hour) and 0.6 hours of paralegal time (at $100 per hour). Berger Aff. ¶¶ 6-9; Pl. Mem. (Dkt. 37) at 1. On February 9, 2023, the Commissioner opposed the motion in part, conceding that plaintiff is entitled to a fee award but arguing that the award "should not exceed $11,861.40, representing 53.4 hours of attorney time and 0.6 hours of paralegal time." Def. Mem. (Dkt. 43) at 1. On February 24, 2023, plaintiff filed a reply brief, which included a request that "the Court award EAJA fees for an additional 1.60 hours spent reviewing Defendant's opposition to the EAJA fees and drafting this detailed response." Pl. Reply Mem. (Dkt. 44) at 3.

## Legal Standards

Under the EAJA, the court "shall award" to a "prevailing party" (other than the United States) the "fees and other expenses" incurred in "proceedings for judicial review of agency action"

unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A social security plaintiff who obtains a judgment remanding the case to the agency pursuant to the fourth sentence of 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The Commissioner, who bears the burden of showing that the position of the United States was "substantially justified" or that other circumstances make a fee award unjust, *see Healy v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007), makes no such claim in this action.

When considering attorneys' fees awards, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," *id*. at 437, although a court need not "scrutinize each action taken or the time spent on it." *Aston v. Sec'y of Health & Hum. Servs.,* 808 F.2d 9, 11 (2d Cir. 1986). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Price v. Comm'r of Soc. Sec.*, 2022 WL 1567463, at *1 (S.D.N.Y. May 18, 2022) (citation omitted). "[A] district court will always retain substantial discretion in fixing the amount of the EAJA award." *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 163 (1990); *see also Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010) ("Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge[.]") (citation omitted).

It is true, as the Commissioner notes, *see* Def. Mem. at 3, that many courts in our Circuit "agree that 20-40 hours is a reasonable amount of time to spend on a routine Social Security case."

*Forrest v. Colvin*, 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016); *see also Price*, 2022 WL 1567463, at *1 ("on average, an attorney spends twenty to forty hours on routine social security cases."). The same courts, however, consistently recognize that circumstances may warrant spending more than 40 hours on a case. *See*, *e.g.*, *Price*, 2022 WL 1567463, at *2 (awarding fees for 60.4 hours of attorney time where the record was 1,551 pages long, even though "Price's counsel represented her in the administrative proceedings below," which ordinarily permits some time saving in the district court); *Vellone v. Comm'r of Soc. Sec.*, 2022 WL 276842, at *3-4 (S.D.N.Y. Jan. 31, 2022) (approving fees for 65 hours of work, even though the administrative record was only 334 pages long and plaintiff's counsel represented plaintiff during the administrative proceedings, due in part to counsel's "careful review of the record" and the quality of his brief), *report and recommendation adopted*, 2022 WL 464303 (S.D.N.Y. Feb. 15, 2022); *Morales v. Comm'r of Soc. Sec.*, 2021 WL 1736920, at *1-3 (S.D.N.Y. May 3, 2021) (awarding fees for 73.6 hours of work by two attorneys, including 24.5 hours reviewing the 467-page transcript, which "included many handwritten treatment notes which required careful deciphering by counsel," and 27.7 hours preparing plaintiff's memorandum of law ).

## The Parties' Positions

The Commissioner argues that the requested fee award would be excessive because (1) this case "did not involve novel or unusually complex factual or legal issues," and therefore "the Court should award less than the requested 26.4 hours spent drafting the legal arguments for Plaintiff's memorandum of law and reply," Def. Mem. at 3-4; (2) even though plaintiff's counsel did not represent her in the underlying administrative proceeding, his "extensive experience in Social Security cases . . . would aid his review of the record and preparation of Plaintiff's briefing before this Court," *id.* at 4; and (3) "the 409-page administrative record was relatively short for a Social

Security case," and therefore the Court should award less than the requested 13.6 hours spent preparing the statement of facts in plaintiff's principal brief. *Id.* at 5.[1]

Plaintiff responds that this case was not straightforward, in that he was required to raise seven separate issues, as to some of which there was "no clear Circuit authority," and prepare a lengthy opening brief, "initially consisting of 35 pages." Pl. Reply. Mem. at 1-2.[2] Plaintiff adds that his years of experience do not "decrease the amount of time that is necessary for counsel to review a lengthy transcript" or "organize the newly available record and accurately synthesize the information therein into a comprehensive statement of facts and arguments," *id.* at 2, particularly where, as here, counsel did not represent plaintiff before the agency and saw the record for the first time when the Commissioner filed it in this Court. *Id.* at 2-3. Lastly, plaintiff argues that the length of the record "is not necessarily determinative of the length and complexity of the merits briefing," and that other factors – including this Court's requirement that counsel present oral argument – weigh in favor of granting the requested award. *Id.* at 3.

## **Analysis**

Plaintiff is correct that this case was more complex than many social security actions. Although the record was not lengthy, counsel's careful review and analysis of that record permitted him to challenge the ALJ's decision on seven different grounds,[3] none of which was frivolous and

---

[1] The Commissioner does not contest plaintiff's requested rate of $221 per hour for attorney time, which was calculated by applying a 63% cost of living adjustment to the statutory rate of $125 per hour (set in March 1996), as permitted by 28 U.S.C. § 2412(d)(2)(A)(ii). *See* Berger Aff. ¶ 8. I agree that the rate of $221 per hour is reasonable in this case.

[2] I denied plaintiff's request to file an over-length brief. (Dkt. 21.) By the time plaintiff's brief was filed, a week later, it complied with my 25-page limit.

[3] Plaintiff argued that the ALJ (1) erred at step 2 in finding plaintiff's memory impairment and carpal tunnel syndrome were not "severe"; (2) erred at step 3 in finding that plaintiff did not meet Listing 1.04 (disorders of the spine) or 12.04 (depression); (3) improperly evaluated the consultative medical opinions in the record and failed to develop the record appropriately by requesting opinions from plaintiff's treating physicians; (4) failed to consider the impact of

several of which I ultimately relied upon in remanding the case to the agency.[4] The number and variety of issues raised, briefed, and argued undermine the Commissioner's position that plaintiff's counsel should only be compensated for the amount of time typically spent on a "routine" case. *See*, *e.g.*, *Holman v. Comm'r Soc. Sec.*, 2021 WL 9036256, at *3 (S.D.N.Y. July 19, 2021) (approving fees for 46 hours of attorney time, in part because counsel "had to raise four separate arguments on issues where there was no clear Second Circuit authority"), *report and recommendation adopted*, 2022 WL 2763816 (S.D.N.Y. July 15, 2022); *Santiago v. Comm'r of Soc. Sec.*, 2020 WL 7335310, at *4 (S.D.N.Y. Dec. 14, 2020) (awarding fees for 50 hours of attorney time, in part because plaintiff's counsel, who did not personally represent the plaintiff before the agency, "was required to scour [the 1,113-page] record in order to make seven distinct arguments regarding errors made by the ALJ"). The "complexity" factor therefore weighs in favor of granting the requested fee award.

Plaintiff is also correct that his extensive experience in social security litigation is not an appropriate basis on which to reduce the hours for which he may be paid. In the Second Circuit, the district courts are "precluded from either compensating or penalizing an attorney for her expertise in litigating." *Vellone*, 2022 WL 276842, at *4 (quoting *Sava v. Comm'r of Soc. Sec.*,

---

plaintiff's non-severe impairments or the side effects of her medications when formulating her residual functional capacity (RFC); (5) formulated an RFC that was inconsistent with his finding as to plaintiff's "moderate" mental limitations; (6) failed to address her likely time off-task and absenteeism; and (7) formulated an RFC that was not supported by substantial evidence. *See* Pl. Moving Mem. at 13-25; Tr. of Sept. 13, 2022 Oral Argument (Tr.) (Dkt. 45) at 4:19-5:20.

[4] In my ruling from the bench, I found that the ALJ failed to make the necessary effort to obtain the opinions of plaintiff's treating physicians, as well as their complete treating notes, and therefore failed adequately to develop the record; that he improperly evaluated the consultative opinions that were in the record; and that he erred at step 2 in finding that plaintiff's memory loss, headaches, and carpal tunnel syndrome were not "severe" impairments. I also found that the ALJ made a series of non-trivial factual errors in describing the evidence in the record. I then directed the parties to order a copy of the transcript of my oral ruling and split the cost. (*See* Dkt. 33.) It appears, however, that they failed to do so. Only the transcript of the oral argument appears on the docket.

2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014). Moreover, as a practical matter, no amount of experience would "substantially reduce the time necessary to review the record and synthesize the information contained therein into a comprehensive statement of facts and arguments," *Santiago*, 2020 WL 7335310, at *4, particularly where, as here, counsel "did not represent plaintiff at the administrative level and, therefore, was unfamiliar with the hearing transcript and medical records." *Sava*, 2014 WL 129053, at *3; *see also Vellone*, 2022 WL 276842, at *4 ("provid[ing] quite detailed attention to the record and the law" and "reviewing a record and crafting a persuasive argument takes time, even for seasoned lawyers"). In this case, counsel's careful review of the administrative record and cogent presentation of multiple legal arguments based on that record, which clearly benefitted his client, supports his request to be compensated for 13.6 hours spent drafting the fact section of plaintiff's moving memorandum and 26.1 hours spent preparing her legal argument – which includes editing to "cut the brief from 35 to 25 pages." Timesheet (Dkt. 35-1) at ECF p. 5. I note as well (and the Commissioner acknowledges) that in this case, both counsel were required to spend additional time preparing for and presenting oral argument, which also warrants an award "above the 20- to 40-hour benchmark range." Def. Mem. at 3.

      Lastly, although the record in this case was not unusually long, it included "handwritten treatment notes which required careful deciphering by counsel." *Morales*, 2021 WL 1736920, at *2 (agreeing that counsel were entitled to fees for 73.6 hours overall). *See*, *e.g.*, e-CAR at 338-40, 344, 351-53, 360-61, 391. In any event, "the length of the administrative record is not dispositive in determining the number of hours reasonably expended." *Banks v. Berryhill*, 2017 WL 3917141, at *4 (S.D.N.Y. June 30, 2017), *report and recommendation adopted*, 2017 WL 3923676 (S.D.N.Y. Sept. 6, 2017); *accord Afriyie v. Comm'r of Soc. Sec.*, 2021 WL 1178579, at *4 (S.D.N.Y. March 30, 2021) (awarding fees for 69.4 hours overall where "the 629-page record,

though not particularly long, entailed a thorough and careful review . . . and the legal issues were numerous and somewhat complex"); *Vellone*, 2022 WL 276842, at *3-4 (S.D.N.Y. Jan. 31, 2022) (approving fees for 65 hours of attorney time where the 334-page record required "careful review," leading to a high-quality brief).

The Commissioner did not have an opportunity to respond to plaintiff's request for fees covering the additional 1.6 hours he spent preparing his reply brief on the present motion. The law is clear, however, that the EAJA covers "the cost of all phases of successful civil litigation addressed by the statute," including the fee award phase. *Jean*, 496 U.S. at 166. And there is nothing unreasonable about the time requested for the reply brief in this case. *Cf. Afriyie*, 2021 WL 1178579, at *4 (approving 9.8 hours for preparing reply brief on fee motion). Consequently, plaintiff is entitled to the full award sought, including the extra 1.6 hours.

## Conclusion

For the reasons set forth above, plaintiff's motion for attorney fees (Dkt. 35) is GRANTED. Plaintiff is awarded fees in the amount of $13,983.00, to be paid directly to her counsel pursuant to her assignment. (Dkt. 36-1).

Dated: New York, New York  
      July 13, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**